UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE JUNIO RIVAS AREVALO, A-235-477-234,

Petitioner,

v.

CRUZ, et al.,

Respondents.

No. 1:26-cv-5692 TLN AC

FINDINGS & RECOMMENDATIONS

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondents be enjoined from unlawfully re-arresting or re-detaining petitioner.

I. Factual Background[1]

Petitioner, Jose Junio Rivas Arevalo (A# 235-477-234), a 25-year-old native and citizen of Guatemala, entered the United States without inspection in or around December 2020. ECF

[1] Because respondents did not deny petitioner's factual allegations in the response to the petition, the facts contained therein are deemed admitted and will be relied upon, unless the record reflects contrary facts. See ECF No. 8; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

No. 1 (Verified Petition) at ¶¶ 1-2, 15. Petitioner was not apprehended. Id. ¶ 2.

Petitioner has three siblings residing in the United States, as well as several aunts, uncles, and cousins. Id. ¶ 4. In or around 2024, petitioner applied for asylum and was subsequently granted work authorization based on his pending application. Id. ¶ 6; ECF Nos. 1-3, 1-4, 1-5. Since obtaining employment authorization, petitioner started his own construction company and obtained certification for and registered his company with the Texas Secretary of State. ECF No. 1 ¶ 5; ECF Nos. 1-6, 1-7, 1-8. Petitioner has no prior criminal history. ECF No. 1 ¶3.

On June 19, 2026, on his way to work, petitioner was pulled over allegedly because his license plate was improperly secured. ECF No. 1 ¶¶ 8, 9. The state trooper contacted Immigration and Customs Enforcement ("ICE"). Id. ¶ 9. Petitioner was taken into ICE custody on June 20, 2026. ECF No. 10 at 3, 5.

Respondents classified petitioner as a noncitizen subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and as a result he has been denied a bond hearing. ECF No. 1 ¶¶ 27, 29, 33, 36. Petitioner's removal proceedings before the immigration court are ongoing.[2] Petitioner remains in custody at California City Immigration Processing Center.[3]

## II. Procedural History

On July 22, 2026, the court received the petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges petitioner's detention under the Fifth Amendment Due Process Clause, the Immigration and Nationality Act ("INA"), the INA's implementing regulations, and the Final Judgment in Maldonado Bautista v. Noem, No. 5:25-cv-1873 SSS BFM (C.D. Cal. 2026). ECF

[2] The Executive Office of Immigration Review ("EOIR") automated case information system, available at https://acis.eoir.justice.gov/en/, indicates petitioner has an upcoming master hearing on September 21, 2026 and a decision is pending in his case. The court takes judicial notice of this information. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[3] The court takes judicial notice of the information on the ICE's Online Inmate Locator website, operated by the Department of Homeland Security, available at https://locator.ice.gov/odls/#/search (last visited September 4, 2026), which confirms that as of the date of this order, petitioner remains in custody at California City Immigration Processing Center. See Fed. R. Evid. 201; O'Neill, 386 F.3d at 1224 n.2

No. 1.

Respondents were directed to respond to the petition and required to

> substantively address whether there are any factual or legal issues that materially distinguish this case from Brayan C.C. v. Warden of California City Corr. Ctr., No. 2:26-cv-0641 TLN JDP, 2026 WL 710358 (E.D. Cal. Mar. 13, 2026), Acevedo Duran v. Albarran, No. 1:26-cv-01108-DC-CSK, [2026 WL 539409] (E.D. Cal. Feb. 26, 2026), Quichimbo-Jimenez v. Warden, No. 2:26-cv-0739 DAD EFB[, 2026 WL 679378] (E.D. Cal. Mar. 10, 2026), Baltazar Fernando v. Warden of the Golden State Annex Detention Facility, No. 1:26-cv-3529 DJC JDP (E.D. Cal. June 10, 2026), and other similar cases previously decided by this court.

ECF No. 6. The court warned that "[t]he court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id.

Respondents filed an answer, and petitioner replied. ECF Nos. 10, 11.[4] The case is deemed submitted.

## III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

[4] Petitioner's counsel submitted a reply that responds to arguments *not raised* in the answer. For example, the reply purports to reply to respondents' arguments and reliance on Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), Kaplan v. Tod, 267 U.S. 228 (1925), Dep't of Homeland Sec. v. Thuraissigiam, 91 U.S. 103, 140 (2020), Connecticut Department of Public Safety v. Doe, 538 U.S. 1 (2003), Wekesa v. U.S. Attorney, No. 22-10260, 2022 WL 17175818 (5th Cir. Nov. 22, 2022), and Young v. Harper, 520 U.S. 142 (1997). ECF No. 11 at 1, 3-5, 8-9. However, respondents' one-page answer does not rely on, much less mention these cases. Compare ECF No. 10 with ECF No. 11 at 1, 3-5, 8-9. The reply also purports to respond to respondents' argument "that petitioner did not allege that his removal was 'unattainable,' like Zadvydas." ECF No. 11 at 8. However, the answer makes no such argument. Compare ECF No. 10 with ECF No. 11 at 8. Accordingly, the court will only consider the reply to the extent it responds to arguments *raised* in respondents' answer. Petitioner's counsel is cautioned that this kind of carelessness will not be tolerated in the future.

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

A. Violation Under the Immigration Nationality Act

The petition alleges that petitioner is unlawfully detained under 8 U.S.C. § 1225(b)(2), which does not apply to him, and that he has been denied his right to a bond hearing under 8 U.S.C. § 1226(a). ECF No. 1 ¶¶ 29-33.

In the briefing order, the undersigned identified several cases in which the court has ruled on similar statutory claims and directed respondents to distinguish the present case from the cited cases. However, respondents' one-page answer presents no factual or legal issues that materially distinguish this case from Brayan C.C., Acevedo Duran, Quichimbo-Jimenez, Baltazar Fernando, or other similar cases previously decided by this court. See ECF No. 10. Instead, despite acknowledging the Ninth Circuit's recent decision compelling the conclusion that "§ 1226(a) governs Petitioner's detention" and petitioner is "entitled to seek a custody redetermination hearing before an immigration judge," respondents assert that petitioner was detained pursuant to § 1225(b)(2)(A) and maintain that § 1225(b)(2)(A) governs petitioner's detention. Id. at 1-2.

As noted above, respondents were warned that failure to distinguish this case from the cases identified by this court in the minute order would be construed as a concession that the cases are not substantively distinguishable. Accordingly, the court construes respondents' failure to distinguish as a concession that this case is not materially distinguishable from Brayan C.C., Acevedo Duran, Quichimbo-Jimenez, Baltazar Fernando or other similar cases previously decided by this court in which the court found noncitizens who are detained in the interior of the United States after living here for a period of time are not subject to mandatory detention under § 1225(b)(2). See Brayan C.C., 2026 WL 710358, at *2; Acevedo Duran, 2026 WL 539409, at *2-4; Quichimbo-Jimenez, 2026 WL 679378, at *1-2; Baltazar Fernando, No. 1:26-cv-3529 DJC

JDP, ECF No. 7. More importantly, there is now binding precedent in this circuit concluding that "noncitizens present without admission who are apprehended in the interior of the United States"—like petitioner—"are subject to detention regime of § 1226, not § 1225(b)(2)(A)." Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026).

Considering the facts of this case, respondents' concession, and the holding of Rodriguez Vazquez, the undersigned finds petitioner's detention under § 1225(b)(2)(A) and the deprivation of a bond hearing pursuant to § 1226(a) is unlawful, and recommends the petition be granted on petitioner's INA claim.

B. Violation Under the Fifth Amendment Due Process Clause

The petition also alleges that petitioner's detention without a bond hearing violates his rights under the Fifth Amendment Due Process Clause. ECF No. 1 ¶¶ 25-28. Respondents' one-page answer does not respond to this claim. See, generally, ECF No. 10. Recently, however, this court addressed a similar claim and granted relief. See Ramirez Godinez v. Warden of California City Det. Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251 (E.D. Cal. Aug. 21, 2026), findings and recommendations adopted in 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026). For the reasons discussed below, the same outcome is warranted on petitioner's due process claim here.

In Ramirez Godinez v. Warden of California City Det. Facility, a noncitizen, who had resided in the United States for several years before he was detained by ICE, asserted that his detention without a bond hearing violated his due process rights under the Fifth Amendment Due Process Clause. Ramirez Godinez, 2026 WL 2455251, at *1. In analyzing his claim, the court explained that noncitizens have a liberty interest in their freedom from detention, even if it is not coextensive with the liberty interest of a United States citizen. Id. at *3. The court found that the first factor under the Mathews v. Eldridge test[5]—private interest—was significant because

[5] To determine what process is due, the court considers three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural

petitioner has resided in the United States for a period of time and developed familial and community ties during that time. Id. The court also found that the second Mathews factor—risk of erroneous deprivation—was significant and concerning because petitioner was "deprived of the procedural protections available under § 1226(a)—to which he is entitled to under Rodriguez Vazquez and were deemed necessary to ensure a relatively small risk of erroneous deprivation in Rodriguez Diaz [v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022)]—and respondent had not argue petitioner is a flight risk or danger to the community." Id. at *4. The court further found that the government's interest—the final Mathews factor—in detaining petitioner without a bond hearing was low because the effort and cost of a bond hearing is minimal and that it does not outweigh the substantial liberty interest and high risk of erroneous deprivation. Id.

Similarly here, despite his noncitizen status, petitioner has a liberty interest and that interest is substantial because he has resided in the United States for almost six years, has family ties, and has started his own company which is registered in the state of Texas. His liberty interest is also significant because the government was aware of petitioner's unlawful presence in the United States when he filed his asylum application in or around 2024 and granted his work authorization in 2025 and chose not to detain him. Villanueva-Montanez v. Lyons, No. 2:26-cv-00954-DAD-CKD, 2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026) (explaining that when the government makes a decision not to detain a noncitizen, whom they are aware is present in the United States unlawfully based on an application for relief, the noncitizen "has the same liberty interest in her continued freedom as an individual initially detained" and released); M.A. G.V. v. Warden, California City Det. Facility, No. 1:26-cv-6356 TLN SCR, 2026 WL 2516864 (E.D. Cal. Aug. 26, 2026) (petitioner's pending asylum application and valid work authorization "sanction[ed] his continued presence in the United States" and "vested in Petitioner a liberty interest in his continued detention" (quoting Gagik T. v. Chestnut, No. 1:26-cv-4337 MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026)). The decision not to detain petitioner created an

---

requirement would entail.

Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

implicit promise that he would not be detained pending the adjudication of his asylum application unless "he fails to live up to the applicable 'conditions.'" Villanueva-Montanez, at *1 ("[T]he release (or decision not to detain) is 'based on an evaluation[,]' allows for 'a relatively normal life[,]' and as a result the parolee or petitioner 'relied on at least an implicit promise' that the parole or decision not to detain will be revoked only if he fails to live up to the applicable 'conditions.'" (first alteration added) (quoting Morrissey v. Brewer, 408 U.S. 471, 482 (1972))).

The risk of erroneous deprivation is similarly significant and concerning because petitioner has not been afforded the procedural protection under § 1226(a). The warrant appears to have been issued the day after petitioner was stopped for a traffic citation, not before. ECF No. 1 ¶¶ 8, 9; ECF No. 10 at 3, 5-7. Petitioner has been deprived of a bond hearing for more than two months, despite entitlement to a bond hearing under § 1226(a). See ECF No. 1 ¶¶ 27, 29, 33, 36; ECF No. 10 at 1. The government does not contend that petitioner is a danger to the community or a flight risk. And the government's interest in detaining petitioner without affording him the procedures under § 1226(a) is low and does not outweigh petitioner's private interest, nor the risk of erroneous deprivation.

Considering the facts in this case, the undersigned finds petitioner's detention violates his procedural due process rights under the Fifth Amendment Due Process Clause and recommends the petition also be granted on this claim.[6]

C. Remedy

The appropriate remedy for the statutory violation in this case is petitioner's immediate release. Acevedo Duran, 2026 WL 539409, at *5 ("Because Respondents do not assert any alternative basis for Petitioner's detention, and do not provide any extenuating circumstances that would warrant Petitioner's continued unlawful detention pending a bond hearing, the court finds the appropriate remedy for relief is Petitioner's immediate release."); Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (same). Additionally, as explained by the undersigned in Ramirez Godinez, the remedy in a case like this, which asserts

[6] In the interest of judicial economy, the court does not address petitioner's additional claims.

a procedural due process constitutional violation, is to release petitioner immediately and to enjoin respondents from re-detaining petitioner absent pre-deprivation procedures. See Ramirez Godinez, 2026 WL 2455251, at *5. "Anything short of this—such as giving the government an instant do over to follow the procedures required under § 1226(a) and its implementing regulations—would rubber stamp the government's [constitutionally] unlawful conduct, which the undersigned cannot recommend." Id. (collecting cases).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner Jose Junior RIVAS AREVALO A-235-477-234. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.
    d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release from custody.

3. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds

that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 4, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE